IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JORDAN C. FISCHER, )
 )  Case No. 4:17-CV-3110
 Plaintiff )
 )
v. ) **PROTECTIVE ORDER**
 )
DUNCAN AVIATION, INC., )
 )
 Defendant )

This matter is before the Court on the parties' Joint Motion for Protective Order, ([Filing No. 33](#)). This motion is granted. Accordingly, the Court enters the following Protective Order governing the disclosure of confidential Discovery Material by a Producing Party to a Receiving Party in this Action.

1. **Definitions**. As used in this Order:

    a. Action refers to the above-captioned litigation.

    b. Discovery Material includes all information contained in documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, excerpts or summaries of documents disclosed as required under Rule 26(a) or in response to discovery conducted pursuant to Rules 30 through 36, and Rule 45.

    c. A Producing Party is a party to this litigation, or a non-party either acting on a party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces Discovery Material in this Action.

    d. A Receiving Party is a party to this litigation that receives Discovery Material from a Producing Party in this Action.

2. **Confidential Information.** This Protective Order applies to all Confidential Information produced or obtained by a party in this case, whether revealed in a document, deposition testimony, an interrogatory answer or otherwise. For the purposes of this Protective Order, Confidential Information shall include:

a. Commercial information relating to any party's business including, but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information;

b. Personnel data of the parties or their employees, including but not limited to employment application information; the identity of and information received from employment references; wage and income information; employee evaluations; medical evaluation and treatment information and records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

c. Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a party and a non-party;

d. Medical or mental health information;

e. Records restricted or prohibited from disclosure by statute; and

f. Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying Confidential Information.

3. **Manner of Confidential Designation**. A Producing Party shall affix a "CONFIDENTIAL" designation to any Confidential Information produced in this Action.

   a. As to documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material.

   b. If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by using highlighting, underlining, or appropriate markings in the margins).

4. **Timing of Confidential Designation.**

    a. Except as otherwise stipulated or ordered, or where discovery is made available for inspection before it is actually disclosed, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    b. If the Producing Party responds to discovery by making documents available for inspection, the Producing Party need not affix confidential designations until after the Receiving Party has selected the documents it wants to receive. During the inspection and before the designation, all of the material made available for inspection is deemed "CONFIDENTIAL." After the Receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and affix the "CONFIDENTIAL" label as required under this order.

5. **Duty as to Designations**.

    a. Each Producing Party that designates information or items as CONFIDENTIAL must exercise reasonable care to limit any such designation to specific material that qualifies under the appropriate standards, and the designate only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Broadly described, indiscriminate, or routinized designations are prohibited.

    b. If Confidential Information is produced without the CONFIDENTIAL label affixed, within 14 days following the discovery, the Producing Party shall give notice to a Receiving Party that Confidential Information was produced without designating it as confidential.

    c. Any party that receives Confidential Information that was not designated as such shall make reasonable efforts to retrieve any such documents distributed to persons who are not Qualified Recipients under this order, and as to Qualified Participants, shall exchange unmarked documents with documents that include the "CONFIDENTIAL" designation.

    d. If a Receiving Party questions whether information designated as confidential is truly confidential, the Receiving Party must first contact the Producing Party to resolve the issue. If the issue cannot be resolved, the Receiving Party may move the court for an order declaring that the information is not subject to the conditions of this Protective Order.

e. Confidential Information designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily prolong or encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. Upon discovering that information was erroneously designated as confidential, the Producing Party shall promptly notify all other Parties of the improper CONFIDENTIAL designation.

6. **Limitations on Use**. Confidential Information shall be used by the Receiving Party only to prepare for and conduct proceedings herein and not for any business or other purpose whatsoever.

7. **Dissemination by the Receiving Party**. Counsel for the Receiving Party shall:

    a. Instruct witnesses, consultants, and outside counsel who assist with case preparation that disclosure of the Confidential Information is prohibited as set forth herein.

    b. Require anyone receiving Confidential Information to review and agree to the terms of this Protective Order and execute a copy of the Agreement attached hereto as Appendix A before receiving Confidential Information; and

    c. Maintain a list of any Confidential Information disclosed and to whom, along with the executed copies of the Agreement.

8. **Qualified Recipients.** For the purposes of this Protective Order, persons authorized to receive Confidential Information (hereinafter "qualified recipient") shall include **only:**

    a. The Parties, including any members, council members, officers, board members, directors, employees, or other legal representatives of the parties;

    b. Legal counsel representing the parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or electronic files, provide technical, litigation support, or mock trial services, or provide messenger or other administrative support services;

    c. Any non-expert witness during any deposition or other proceeding in this Action, and counsel for that witness;

d.  Potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action, so long as such persons agree to maintain the Confidential Information in confidence per the terms of this Order, and provided that such persons may only be shown copies of Confidential Information and may not retain any such material;

e.  Consulting or testifying expert witnesses assisting any legal counsel in the preparation of this Action and the staff and assistants employed by the consultant or testifying expert;

f.  The parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

g.  Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

h.  The court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors;

i.  Any mediator or arbitrator retained by the parties in an effort to resolve and/or settle the claims of this Action and members of the arbitrator's or mediator's staff and assistants; and

j.  Any auditor or regulator of a party entitled to review the Confidential Information due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes.

9. **Maintaining Confidentiality.** Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a qualified recipient. Each party, each qualified recipient, and all counsel representing any party, shall use their best efforts to maintain all produced Confidential Information in such a manner as to prevent access, even at a hearing or trial, by individuals who are not qualified recipients. Nothing herein prevents disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure.

10. **Copies.** Confidential Information shall not be copied or otherwise reproduced by the Receiving Party, except for transmission to qualified recipients, without the written permission

of the Producing Party, or, in the alternative, by order of the court. However, nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests, and analyses of Confidential Information under the terms of this Protective Order.

11. **Docket Filings.** All documents of any nature including, but not limited to, briefs, motions, memoranda, transcripts, discovery responses, evidence, and the like that are filed with the court for any purpose and that contain Confidential Information shall be filed under restricted access provided the court approves. A party seeking to file confidential information under restricted access must comply with the court's rules and electronic docketing procedures for filing such motions.

12. **Depositions.** The following procedures shall be followed at all depositions to protect the integrity of all Confidential Information:

   a. Only qualified recipients may be present at a deposition in which Confidential Information is disclosed or discussed.

   b. All deposition testimony which discloses or discusses Confidential Information is deemed to be Confidential Information.

   c. Material designated as confidential may be used at a nonparty deposition only if necessary to the testimony of the witness.

13. **Challenges to Confidentiality Designations**. Any party that disputes the designation of any information as Confidential Information will, as an initial step, contact the designating party or parties and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute without court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice. If a written motion and briefing are necessary, the Confidential Information in dispute shall be filed under restricted access pursuant to the court's electronic docketing procedures. The party that designated the information as confidential bears the burden of proving its confidential status. The party challenging a Confidential Information designation must obtain a court order before disseminating the information to anyone other than Qualified Recipients.

14. **Use at Court Hearings and Trial**. Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument. A party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the document in any proceeding, including trial. Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

15. **Return or Destruction of Documents.** Upon final termination of this proceeding, including all appeals, each party shall make reasonable efforts to destroy all materials containing Confidential Information. If the party is unable to destroy all materials, the materials shall be returned to the Producing Party or the Producing Party's counsel. This Protective Order shall survive the final termination of this action, and it shall be binding on the parties and their legal counsel in the future.

16. **Modification.** This Protective Order is entered without prejudice to the right of any party to apply to the court for additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order when convenience or necessity requires. Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the court.

17. **Additional Parties to Litigation.** In the event additional parties are joined in this action, they shall not have access to Confidential Information until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the court, its agreement to be fully bound by this Protective Order.

18. **Sanctions**. Any party subject to the obligations of this order who is determined by the court to have violated its terms may be subject to sanctions imposed by the court under Rule 37(b) of the Federal Rules of Civil Procedure and the court's inherent power.

19. **Privileged or Work Product Information**.

    a. Rule 502(d) Order. The production of attorney-client privileged or work-product protected electronically stored information ("ESI") or paper documents, whether disclosed inadvertently or otherwise, is not a waiver of the privilege or protection

from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

b. Any party who discloses documents that are privileged or otherwise immune from discovery shall promptly upon discovery of such disclosure, advise the Receiving Party and request that the documents be returned. The Receiving Party shall return such produced documents or certify their destruction, including all copies, within 14 days of receiving such a written request. The party returning such produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

DATED this 13th day of September, 2018.

BY THE COURT:

*s/* Susan M. Bazis
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JORDAN C. FISCHER, | ) | |
| | ) | Case No. 4:17-CV-3110 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **PROTECTIVE ORDER:** |
| | ) | **EXHIBIT A** |
| DUNCAN AVIATION, INC., | ) | |
| | ) | |
| Defendant | ) | |

I hereby acknowledge that I am about to receive Confidential Information supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that Confidential Information as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.

DATED this ___ day of _____, 2018.

_____          _____
Printed Name                                                        Signature